PROB 12C
(6/16)

Report Date: April 28, 2021

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 28, 2021

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Reggie Lee Burdeau          Case Number: 0980 2:13CR02104-TOR-1

Address of Offender: 203 Mamachat Lane, Wapato, Washington 98951

Name of Sentencing Judicial Officer:  The Honorable Thomas O. Rice, U.S. District Judge

Date of Original Sentence: March 12, 2014

| | | |
|---|---|---|
| Original Offense: | Crime on Indian Reservation - Sexual Abuse, 18 U.S.C. §§ 1153 and 2242(2)(B) | |
| Original Sentence: | Prison - 60 months<br>TSR - 84 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(11/29/2018) | Prison - 4 Months<br>TSR - 60 Months | |
| Revocation Sentence:<br>(02/13/2020) | Prison - 6 Months<br>TSR - 60 Months | |
| Asst. U.S. Attorney: | Thomas J. Hanlon | Date Supervision Commenced: July 1, 2020 |
| Defense Attorney: | Jeremy B. Sporn | Date Supervision Expires: June 30, 2025 |

## PETITIONING THE COURT

To issue a warrant.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.<br><br>**Supporting Evidence**: Mr. Burdeau is alleged to have violated his conditions of supervised release by failing to report to probation on April 5, 14, and 16, 2021.<br><br>Following COVID-19 procedures, Mr. Burdeau's conditions were verbally reviewed with him on July 1, 2020. Additionally, on July 7, 2020, Mr. Burdeau signed his conditions of supervised release acknowledging an understanding of his conditions, which include standard condition number 2, as noted above. |

Prob12C
**Re: Burdeau, Reggie Lee**
**April 28, 2021**
**Page 2**

On April 2, 2021, this officer provided Mr. Burdeau with reporting instructions directing him to report to the U.S. Probation Office on April 5, 2021. On the morning of April 5, 2021, Mr. Burdeau called requesting, and was granted, a later report time for this same date, which he failed to report.

On April 13, 2021, this officer conducted an unscheduled home visit and left written reporting instructions directing Mr. Burdeau to report to the probation office on April 14, 2021, by 4 p.m., which he failed to do.

On April 15, 2021, Mr. Burdeau called this officer and received instructions to report to the probation office on April 16, 2021, which he failed to do. At this time, Mr. Burdeau has been unwilling to engage probation's interventions.

2  **Special Condition #12**: You must actively participate and successfully complete an approved state-certified sex offender treatment program. You must follow all lifestyle restrictions and treatment requirements of the program. You must participate in special testing in the form of polygraphs, in order to measure compliance with the treatment program requirements. You must allow reciprocal release of information between the supervising officer and the treatment provider. You must pay for treatment and testing according to your ability.

**Supporting Evidence**: Mr. Burdeau is alleged to be in violation of his supervised release conditions by failing to attend sex offender treatment on March 31, 2021.

Following COVID-19 procedures, Mr. Burdeau's conditions were verbally reviewed with him on July 1, 2020. Additionally, on July 7, 2020, Mr. Burdeau signed his conditions of supervised release acknowledging an understanding of his conditions, which includes special condition number 12, as noted above.

On February 10, 2021, this officer provided Mr. Burdeau with instructions and a directive to enroll in sex offender treatment with Ken Schafer and Associates, which he did using a relative's cellular telephone.

On February 25, 2021, after the above-noted relative moved away from the area, Mr. Burdeau received instructions on acquiring a subsidized cellular telephone for medical appointments, which included sex offender and drug and alcohol treatment appointments.

On March 4, 2021, Mr. Burdeau reported receiving the above-noted cellular telephone, but lost it shortly after. During follow up, this officer provided Mr. Burdeau with instruction on how to replace the telephone, which he failed to do.

On March 25, 2021, this officer directed Mr. Burdeau to use a portion of his stimulus money for a cellular telephone and to make contact with his sex offender treatment provider by March 31, 2021, which he failed to do. As of the writing of this report, Mr. Burdeau has not made contact with his sex offender treatment provider.

3  **Special Condition #14**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Burdeau is alleged to have violated his conditions of supervised release by testing positive for marijuana on March 4, 2021, and verbally admitting to using marijuana on March 21, 2021, and April 2, 2021.

Following COVID-19 procedures, Mr. Burdeau's conditions were verbally reviewed with him on July 1, 2020. Additionally, on July 7, 2020, Mr. Burdeau signed his conditions of supervised release acknowledging an understanding of his conditions, which includes special condition number 14, as noted above.

On March 4, 2021, this officer collected a random urine sample (UA) from Mr. Burdeau, which Alere Toxicology Services later confirmed positive for marijuana.

On March 25, 2021, Mr. Burdeau reported to the U.S. Probation Office, signing a drug use admission form admitting he used marijuana on March 21, 2021.

4    **Special Condition # 14**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: Mr. Burdeau is alleged to have violated his conditions of supervised release by testing positive for methamphetamine on March 4, 2021, and admitting to using methamphetamine on March 21, 2021, and April 2, 2021.

Following COVID-19 procedures, Mr. Burdeau's conditions were verbally reviewed with him on July 1, 2020. Additionally, on July 7, 2020, Mr. Burdeau signed his conditions of supervised release acknowledging an understanding of his conditions, which includes special condition number 14, as noted above.

On March 4, 2021, this officer collected a random UA from Mr. Burdeau, which Alere Toxicology Services later confirmed positive for methamphetamine.

On March 25, 2021, Mr. Burdeau reported to the U.S. Probation Office, signing a drug use admission form admitting he used methamphetamine on March 21, 2021.

On April, 2, 2021, during a conference call with this officer and his drug and alcohol treatment provider, Mr. Burdeau admitted he consumed methamphetamine on this date.

5    **Special Condition #15**: You must not enter into or remain in any establishment where alcohol is the primary item of sale. You must abstain from alcohol and must submit to urinalysis and Breathalyzer testing as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from this substance.

**Supporting Evidence**: Mr. Burdeau is alleged to have violated his conditions of supervised release by admitting he consumed alcohol on March 3, 2021, and April 2, 2021.

Following COVID-19 procedures, Mr. Burdeau's conditions were verbally reviewed with him on July 1, 2020. Additionally, on July 7, 2020, Mr. Burdeau signed his conditions of supervised release acknowledging an understanding of his conditions, which includes special condition number 15, as noted above.

Prob12C
**Re: Burdeau, Reggie Lee**
**April 28, 2021**
Page 4

On March 4, 2021, this officer conducted an unscheduled contact. On this date, Mr. Burdeau verbally admitted he consumed alcohol on March 3, 2021.

On April 2, 2021, during a conference call with this officer and his drug and alcohol treatment provider, Mr. Burdeau admitted he consumed alcohol on this date.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the defendant to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  April 28, 2021

s/Nick Bazan

Nick Bazan
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  Other

Thomas O. Rice
United States District Judge

April 28, 201

Date